NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 1 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WEIYING LIU, | No. 13-72381 |
| Petitioner, | Agency No. A099-889-816 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2016**

Before: REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

Weiying Liu, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's decision denying her application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). We have jurisdiction under

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.   We review for substantial evidence the agency's factual findings.   *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009).   We deny the petition for review.

The agency properly denied Liu's asylum claim because Liu failed to provide sufficient corroboration, or show that such evidence was not reasonably available, to meet her burden of proof.   *See Ren v. Holder*, 648 F.3d 1079, 1094 (9th Cir. 2011); 8 U.S.C. § 1158(b)(1)(B)(ii).   Thus, we deny the petition as to Liu's asylum claim.

Because Liu did not satisfy the lower burden of proof for asylum, she necessarily did not meet the more stringent standard applicable to withholding of removal.   *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the agency's denial of Liu's CAT claim because Liu failed to show it is more likely than not she would be tortured by or with the consent or acquiescence of the government if returned to China. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The 90-day stay of proceedings granted on September 28, 2015, has expired. Respondent's motion to lift the stay is denied as moot.

**PETITION FOR REVIEW DENIED.**

13-72381